IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| GARY BRENAMAN, | : | |
| Plaintiff, | : | Civil Action No. _____ |
| vs. | : | |
| MIDLAND CREDIT MGMT, INC, | : | |
| Defendant. | : | |

## COMPLAINT

Gary Brenaman, by his attorney Ray Johnson, for his claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter, "FDCPA") and the Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § § 2201 and 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Gary Brenaman, is a natural person now residing in Madison County,

Iowa.

4. Defendant, Midland Credit Management (hereinafter, "Midland") is a debt collection agency that conducts business in Iowa.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Midland's first debt collection attempt with the Plaintiff was a letter dated May 14, 2008. Brenaman did not receive this letter until June 9, 2008.

7. Brenaman sent Midland a written letter via certified mail disputing the debt on July 2, 2008.

8. Even though Benaman disputed the debt, Midland sent another letter attempting to collect the alleged debt approximately one week later. Shortly thereafter, Midland began sending Brenaman letters several times a week.

9. Midland's letters requested Brenaman's assistance in researching the dispute, and even requested that Brenaman send everything he had related to the debt proving the dispute. Each of Midland's letters was dated July 19, 2008. However, Brenaman started receiving these letters on July 14, 2008. The letters continued until August. Every letter was dated July 19, 2008.

## V. FIRST CLAIM FOR RELIEF

10. All facts and allegations of this Complaint are incorporated herein by reference.

11. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendants violated 15 U.S.C. § 1692(e) by engaging in deceptive and misleading attempts to collect a debt, because the information requested from

the Plaintiff is not needed for verifying the debt but will be used for continued debt collection.

b. Defendants violated 15 U.S.C. § 1692(g) by failing to verify the alleged debt and continuing attempts to collect the alleged debt after Plaintiff disputed the debt.

As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for actual and statutory damages, costs and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

12. All facts and allegations of this Complaint are incorporated herein by reference.

13. Brenaman's alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

14. With regard to attempts to collect from Brenaman as alleged herein, Defendant was a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

15. Defendant violated the State Act. The foregoing acts, omissions and practices of the Defendant were in violation of Iowa Code § 537.7103, including but not limited to:

a. Defendant violated Iowa Code § 537.7103(1)(f) by taking an action, or threatening to take an action prohibited by Iowa Code chapter 537.7103 or any other law.

b. Defendant violated Iowa Code § 537.7103(4) by engaging in deceptive and misleading attempts to collect a debt, because the information requested from the Plaintiff is not needed for verifying the debt but will be used for continued debt collection.

c. Defendant violated Iowa Code § 537.7103(4) by engaging in deceptive and misleading attempts to collect a debt, because the information requested from the Plaintiff is not needed for verifying the debt but will be used for continued debt collection.

16. As a proximate result of the unfair debt collection, Defendant is liable to the Plaintiff for actual and statutory damages, costs, and attorney's fees.

## VII. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Statutory damages pursuant to Iowa Code § 537.5201(1).

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

E. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com